

**NUMBER 13-09-00049-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**NESTOR GARZA,** **APPELLANT,**

**v.**

**THE STATE OF TEXAS,** **APPELLEE.**

**On Appeal from the 357th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Vela
Memorandum Opinion Per Curiam**

Appellant, Nestor Garza, attempted to perfect an appeal from a conviction for murder. We dismiss the appeal for want of jurisdiction.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a

timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction.  *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

The trial court imposed sentence in this matter on November 12, 2008.  Appellant filed his pro se notice of appeal requesting leave to file notice of appeal on January 23, 2009.  On February 3, 2009, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has not filed a response to the Court's directive.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed.  TEX. R. APP. P. 26.2(a)(1).  The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.  *See id.* 26.3.

Appellant's notice of appeal was due to have been filed on or before December 12, 2008.  *See* TEX. R. APP. P. 26.2(a)(2).  Appellant's motion for extension of time to file notice of appeal was not filed until January 23, 2009, outside the 15-day time period as permitted by Texas Rule of Appellate Procedure 26.3.  Appellant's notice of appeal was untimely, and accordingly, we lack jurisdiction over the appeal.  *See Slaton*, 981 S.W.2d at 210. Appellant's motion for leave to file notice of appeal is DENIED.

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability

2

of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.


PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered
and filed this the 26th day of February, 2009.